# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **FRED W. HOLLAND, M.D.,** | ) | Case No.: 3:18-cv-00490 |
| | ) | |
| Plaintiff, | ) | Judge James G. Carr |
| | ) | Magistrate Judge James R. Knepp II |
| vs. | ) | |
| | ) | |
| **MERCY HEALTH, et al.** | ) | **DEFENDANTS' ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES TO** |
| Defendants. | ) | **PLAINTIFF'S COMPLAINT** |

---

Defendants, Mercy Health ("Mercy"), Mercy Health – St. Vincent Medical Center LLC ("MHSVMC"), Dr. Iman Andrabi ("Dr. Andrabi"), and Dr. Fayyaz Hashmi ("Dr. Hashmi") (collectively, "Defendants") answer and affirmative defenses to Plaintiff, Fred W. Holland, M.D.'s ("Plaintiff" or "Dr. Holland") complaint are outlined below.[1]

## PARTIES AND JURISDICTION

1.      Defendants deny the allegations in paragraph 1 of Plaintiff's complaint, but admit that Dr. Holland was a resident of the State of Ohio with an address of 3405 Chestnut Hill Road, Toledo, Ohio 43606.

2.      Defendants admit the allegations in paragraph 2 of Plaintiff's complaint, but deny that Mercy is a proper party here.

3.      Defendants deny the allegations in paragraph 3 of Plaintiff's complaint, but admit Mercy is a non-profit corporation and is the sole member of Mercy Health North LLC, which is the sole member of MHSVMC. Defendants deny that Mercy is a proper party here.

---

[1] Plaintiff, at Defendants' request, filed his complaint under seal. Defendants' answer does not reveal any of the sensitive and confidential information that was the basis for Defendants' request. Defendants thus have not moved to file their answer under seal.

4.     Defendants admit the allegations in paragraph 4 of Plaintiff's complaint, except that MHSVMC's principal place of business is located at 2213 Cherry Street, Toledo, Ohio 43608.

5.     Defendants deny the allegations in paragraph 5 of Plaintiff's complaint. Defendants also incorporate their answers to paragraph 3 of Plaintiff's complaint in response to this paragraph.

6.     Defendants deny the allegations in paragraph 6 of Plaintiff's complaint, but admit Dr. Andrabi is a United States citizen who presently lives in Wisconsin.

7.     Defendants deny the allegations in paragraph 7 of Plaintiff's complaint, but admit Dr. Hashmi is a United States citizen and resident of Ohio, and that he was employed by MHSVMC as a cardiovascular surgeon between July 2009 and December 31, 2013.

8.     Paragraph 8 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

9.     Paragraph 9 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

10.     Defendants deny that they are an integrated enterprise and further respond to each of the allegations in subparagraphs 10(a)-(k) of Plaintiff's complaint as follows:[2]

     10(a).   MHSVMC and Mercy are separate nonprofit entities, each of which has its own separate State charter number, Internal Revenue Service employer identification number, and Ohio Department of Taxation payroll tax account number. Mercy and MHSVMC each have their own board of trustees with no overlap of elected board members. Mercy and MHSVMC each have their own officers and managers. The

---

[2] Plaintiff has pluralized defendants in this allegation (and many others) to include the individual defendants but the responses to this paragraph primarily concern Mercy and MHSVMC.

operations of the two corporations are separate and dissimilar. Many day-to-day essential business activities of MHSVMC require that it hold certain accreditations, licenses, certifications and permits for which Mercy does not qualify. Mercy does not control the day-to-day human resources, discipline, or other employment decisions of MHSVMC. Mercy has no operational responsibility as to the contracts and agreements necessary for the day-to-day operations of MHSVMC, and Mercy did not control any decision to enter into or terminate any of the agreements that directly or indirectly involved Dr. Holland as alleged in this case.

By way of further answer, Defendants admit that MHSVMC is part of a multi-entity health system in which Mercy provides certain centralized services and support to its affiliates, which is typical in the industry. As a result, MHSVMC acquires from Mercy certain system-wide services so that MHSVMC can achieve efficiencies that help reduce MHSVMC's cost of providing quality health care services to the local community it serves, especially on behalf of the poor and underserved. MHSVMC pays a fair market value price for most of the services it obtains from Mercy. This is accomplished through a negotiated charge back arrangement between MHSVMC and Mercy under which MHSVMC pays Mercy fees for various services.

10(b).  See response to 10(a) above.

10(c).  See response to 10(a) above.

10(d).  See response to 10(a) above.

10(e).  See response to 10(a) above.

10(f).  See response to 10(a) above.

10(g).  See response to 10(a) above.

10(h). See response to 10(a) above.

10(i). See response to 10(a) above.

10(j). See response to 10(a) above.

10(k). See response to 10(a) above.

11. Paragraph 11 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

12. Paragraph 12 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability. Defendants admit Plaintiff filed an EEOC charge on or about February 23, 2017. Answering further, on January 3, 2018, the EEOC issued a Dismissal and Notice of Rights, because it was unable to conclude that the information filed by Plaintiff established a violation of the discrimination statutes.

13. Defendants admit the allegations in paragraph 13 of Plaintiff's complaint, but deny any inferences of liability. Answering further, the EEOC issued the Dismissal and Notice of Rights because it was unable to conclude that the information filed by Plaintiff established a violation of the discrimination statutes.

14. Paragraph 14 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

15. Paragraph 15 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

16. Paragraph 16 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's complaint, but admit Plaintiff's unfounded allegations have been alleged to have taken place in Toledo, Ohio.

## **FACTS**

18.     Defendants deny the allegations in paragraph 18 of Plaintiff's complaint.

19.     Defendants deny the allegations in paragraph 19 of Plaintiff's complaint, but admit MHSVMC entered into a Services Agreement with the Toledo Clinic, Inc. ("the Clinic"), effective March 1, 2013, for the Clinic to assign and provide a qualified cardiovascular surgeon to perform certain services at MHSVMC as an independent contractor ("Services Agreement").

20.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiff's complaint. Defendants deny that Mercy is a proper party here.

21.     Defendants deny the allegations in paragraph 21 of Plaintiff's complaint, but admit the Services Agreement had a five-year term (subject to earlier termination with or without cause) and that the Clinic initially assigned Dr. Holland to perform services at MHSVMC under the Services Agreement.

22.     Defendants deny the allegations in paragraph 22 of Plaintiff's complaint, but admit MHSVMC agreed to compensate the Clinic monthly for those services provided to MHSVMC under the Services Agreement.

23.     Defendants deny the allegations in paragraph 23 of Plaintiff's complaint, and incorporate their answer to paragraphs 19, 21 and 22 above as the response to this paragraph.

24.     Defendants respond to each of the allegations in subparagraphs 24(a)-(f) of Plaintiff's complaint as follows:

24(a). Defendants deny the allegations in paragraph 24(a) of Plaintiff's complaint, but admit MHSVMC made office space available to Dr. Holland in

accordance with the Services Agreement, which space was shared with other cardiovascular surgeons at MHSVMC.

24(b). Defendants deny the allegations in paragraph 24(b) of Plaintiff's complaint, but admit Dr. Holland would have had to take the initiative to become separately credentialed at Mercy Health – St. Anne Hospital LLC and Mercy Health – St. Charles Hospital LLC.

24(c). Defendants deny the allegations in paragraph 24(c) of Plaintiff's complaint, but admit that the Services Agreement provided MHSVMC with the exclusive right to bill and collect for those professional fees that Dr. Holland, on behalf of the Clinic, provided at MHSVMC under the Services Agreement.

24(d). Defendants deny the allegations in paragraph 24(d) of Plaintiff's complaint.

24(e). Defendants deny the allegations in paragraph 24(e) of Plaintiff's complaint.

24(f). Defendants deny the allegations in paragraph 24(f) of Plaintiff's complaint, but admit Dr. Holland would have had to take the initiative to become separately credentialed at hospitals other than MHSVMC, and further admit that the Clinic's obligation under the Services Agreement was limited only to providing a qualified cardiovascular surgeon to perform certain services at MHSVMC.

25. Defendants respond to each of the allegations in subparagraphs 25(a)-(j) of Plaintiff's complaint as follows:

25(a). Defendants deny the allegations in paragraph 25(a) of Plaintiff's complaint.

25(b). Defendants deny the allegations in paragraph 25(b) of Plaintiff's complaint.

25(c). Defendants deny the allegations in paragraph 25(c) of Plaintiff's complaint.

25(d). Defendants deny the allegations in paragraph 25(d) of Plaintiff's complaint, but admit MHSVMC made instrumentalities and tools available in accordance with the Services Agreement for Dr. Holland to use in his independent exercise of his professional judgment, and further admit that Defendants did not direct him how or when to use those instrumentalities or tools.

25(e). Defendants deny the allegations in paragraph 25(e) of Plaintiff's complaint, but admit MHSVMC made space available at MHSVMC in accordance with the Services Agreement for Dr. Holland to perform surgeries at MHSVMC.

25(f). Defendants deny the allegations in paragraph 25(f) of Plaintiff's complaint.

25(g). Defendants deny the allegations in paragraph 25(g) of Plaintiff's complaint.

25(h). Defendants deny the allegations in paragraph 25(h) of Plaintiff's complaint, but admit the Clinic was compensated monthly for those services provided to MHSVMC under the Services Agreement.

25(i). Defendants deny the allegations in paragraph 25(i) of Plaintiff's complaint, but admit MHSVMC employed or otherwise contracted with support staff to assist all cardiovascular surgeons who performed services at MHSVMC, including those services that Dr. Holland performed at MHSVMC under the Services Agreement.

25(j). Defendants deny the allegations in paragraph 25(j) of Plaintiff's complaint, but admit surgical and cardiology services were, and continue to be, provided at MHSVMC.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's complaint, and incorporate their answer to paragraphs 19 and 21 above as the response to this paragraph.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's complaint, but admit several cardiovascular surgeons performed surgeries at MHSVMC in 2013 and thereafter, including but not necessarily limited to Dr. Hashmi (Pakistani male), Dr. Burdine (white male) and Dr. Phillips (white male). Defendants further deny that Dr. Holland was either of their employee, but admit that Dr. Phillips was providing services at MHSVMC in 2015 and that Dr. Burdine passed away in 2016.

29. Defendants deny the allegations in paragraph 29 of Plaintiff's complaint, but admit that Dr. Burdine was focusing his practice in 2013 more on thoracic surgery and less on cardiovascular surgery. Defendants further admit that the cardiovascular surgeons at MHSVMC generally followed a system that the surgeon on call would get the request for consult unless the requesting physician identified a particular cardiovascular surgeon by name.

30. Defendants admit the allegations in paragraph 30 of Plaintiff's complaint.

31. Defendants admit the allegations in paragraph 31 of Plaintiff's complaint.

32. Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiff's complaint.

33. Defendants deny the allegations in paragraph 33 of Plaintiff's complaint.

34. Defendants deny the allegations in paragraph 34 of Plaintiff's complaint.

35.    Defendants deny the allegations in paragraph 35 of Plaintiff's complaint. In addition, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under the Health Insurance Portability and Accountability Act of 1996 and its amendments ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act and its amendments ("HITECH"), and all regulations promulgated under these Acts.

36.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of Plaintiff's complaint.

37.    Defendants deny the allegations in paragraph 37 of Plaintiff's complaint. Defendants further restate that Mercy is not a proper party here.

38.    Defendants deny the allegations in paragraph 38 of Plaintiff's complaint.

39.    Defendants deny the allegations in paragraph 39 of Plaintiff's complaint. Adding further, to the extent any discrepancies existed between Dr. Holland and Dr. Hashmi regarding patient consults and cardiovascular cases, they were due to, among other reasons, Dr. Holland's lack of or failure to maintain professional relationships with many of the physicians who requested cardiovascular surgical services for patients.

40.    Defendants deny the allegations in paragraph 40 of Plaintiff's complaint.

41.    Defendants deny the allegations in paragraph 41 of Plaintiff's complaint.

42.    Defendants deny the allegations in paragraph 42 of Plaintiff's complaint.

43.    Defendants deny the allegations in paragraph 43 of Plaintiff's complaint.

44.    Defendants deny the allegations in paragraph 44 of Plaintiff's complaint.

45.     Defendants deny the allegations in paragraph 45 of Plaintiff's complaint, but admit Plaintiff met with Arquilla and Porterfield in 2014 to express his perceptions about Dr. Hashmi and Plaintiff's opinion about patient consults and cardiovascular cases.

46.     Defendants admit the allegations in paragraph 46 of Plaintiff's complaint.

47.     Defendants deny the allegations in paragraph 47 of Plaintiff's complaint, but admit Arquilla offered to support Plaintiff's decision to cease performing services under the Services Agreement if he felt unhappy performing those services at MHSVMC.

48.     Defendants deny for lack of knowledge or information sufficient to form a belief as to how Plaintiff perceived Arquilla's comments. Defendants deny that Arquilla intended to threaten, intimidate, discriminate, or retaliate against Dr. Holland in any manner.

49.     Defendants deny the allegations in paragraph 49 of Plaintiff's complaint.

50.     Defendants deny the allegations in paragraph 50 of Plaintiff's complaint. Adding further, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH, and all regulations promulgated under these Acts.

51.     Defendants deny the allegations in paragraph 51 of Plaintiff's complaint.

52.     Defendants deny the allegations in paragraph 52 of Plaintiff's complaint, but admit Porterfield sent Plaintiff an email acknowledging --but disagreeing with--Plaintiff's perceptions that he felt MHSVMC had not been treating him fairly.

53.     Defendants deny the allegations in paragraph 53 of Plaintiff's complaint.

54.     Defendants deny the allegations in paragraph 54 of Plaintiff's complaint, but admit Mercy Health St. Anne Hospital LLC provided general cardiovascular and cardiology

services before July 2014 and then expanded those services afterwards. Defendants deny any inferences that Mercy and St. Anne's are single or joint employers.

55.     Defendants admit Dr. Holland was appointed the Section Chief of Cardiothoracic Surgery at Mercy Health - St. Anne Hospital LLC in or about May 2014.

56.     Defendants deny the allegations in paragraph 56 of Plaintiff's complaint, but admit the Services Agreement required the Clinic to provide a qualified cardiovascular surgeon to perform certain services at MHSVMC only, and further admit that any services that Dr. Holland provided elsewhere were not performed under the Services Agreement or under any employment arrangement with Defendants.

57.     Defendants deny the allegations in paragraph 57 of Plaintiff's complaint.

58.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of Plaintiff's complaint. Defendants further deny any inference that Mercy had any direct or indirect involvement with how Plaintiff was allegedly treated by MHSVMC.

59.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of Plaintiff's complaint and as so vague and incomplete that no responsive answer can be formulated.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiff's complaint.

61.     Defendants admit that Society of Thoracic Surgeons ("STS") data was circulated to Drs. Hashmi, Burdine and Holland, in addition to other doctors at MHSVMC, on a regular basis, including in 2014.

62.     Defendants deny the allegations in paragraph 62 of Plaintiff's complaint, but admit that data provided by the STS is one component that hospitals, including MHSVMC, may use in their respective quality improvement program(s).

63.     Defendants deny the allegations in paragraph 63 of Plaintiff's complaint.

64.     Defendants deny the allegations in paragraph 64 of Plaintiff's complaint.

65.     Defendants deny the allegations in paragraph 65 of Plaintiff's complaint based on the incomplete context in which the facts and figures are averred.

66.     Defendants deny the allegations in paragraph 66 of Plaintiff's complaint based on the incomplete context in which the facts and figures are averred.

67.     Defendants deny the allegations in paragraph 67 of Plaintiff's complaint based on the incomplete context in which the facts and figures are averred.

68.     Defendants deny the allegations in paragraph 68 of Plaintiff's complaint.

69.     Defendants deny the allegations in paragraph 69 of Plaintiff's complaint. To the extent Dr. Hashmi performed more patient consults and cardiovascular cases than Dr. Holland, Defendants admit it was due to, among other reasons, Dr. Holland's lack of or failure to maintain professional relationships with many of the physicians who requested cardiovascular surgical services for patients. Defendants also deny any inference that Mercy was referring cardiothoracic cases to Dr. Hashmi.

70.     Defendants deny the allegations in paragraph 70 of Plaintiff's complaint.

71.     Defendants deny the allegations in paragraph 71 of Plaintiff's complaint.

72.     Defendants deny the allegations in paragraph 72 of Plaintiff's complaint.

73.     Defendants deny the allegations in paragraph 73 of Plaintiff's complaint, but admit the Clinic continued to assign Dr. Holland to fulfill the Clinic's obligations to MHSVMC

under the Services Agreement, and further admit that those services that Dr. Holland performed at Mercy Health – St. Anne Hospital LLC were not performed under the Services Agreement.

74.     Defendants deny the allegations in paragraph 74 of Plaintiff's complaint.

75.     Defendants deny the allegations in paragraph 75 of Plaintiff's complaint.

76.     Defendants deny the allegations in paragraph 76 of Plaintiff's complaint, but admit that Dr. Hasan was recruited for succession planning purposes as one of several candidates to potentially succeed Dr. Hashmi.

77.     Defendants deny the allegations in paragraph 77 of Plaintiff's complaint.

78.     Defendants deny the allegations in paragraph 78 of Plaintiff's complaint and further restate that Mercy is not a proper party here.

79.     Defendants deny the allegations in paragraph 79 of Plaintiff's complaint, but admit Dr. Hasan was provided an opportunity to potentially succeed Dr. Hashmi, which Dr. Hasan ultimately declined.

80.     Defendants deny the allegations in paragraph 80 of Plaintiff's complaint, and incorporate their answer to paragraph 79 above as the response to this paragraph.

81.     Defendants deny the allegations in paragraph 81 of Plaintiff's complaint.

82.     Defendants deny the allegations in paragraph 82 of Plaintiff's complaint, but admit that, on November 28, 2016, Arquilla timely gave the Clinic written notice in accordance with the terms of the Services Agreement that MHSVMC was enforcing its contractual right to terminate the Services Agreement, effective February 28, 2017.

83.     Defendants deny the allegations in paragraph 83 of Plaintiff's complaint.

84.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of Plaintiff's complaint.

85.     Defendants deny the allegations in paragraph 85 of Plaintiff's complaint based on the incomplete context in which the facts and figures are averred.

86.     Defendants deny the allegations in paragraph 86 of Plaintiff's complaint.

87.     Defendants deny the allegations in paragraph 87 of Plaintiff's complaint.

88.     Defendants deny the allegations in paragraph 88 of Plaintiff's complaint. Adding further, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH and all regulations promulgated under these Acts.

89.     Defendants deny the allegations in paragraph 89 of Plaintiff's complaint, but admit that Dr. Holland met with certain individuals from MHSVMC and Mercy Health – St. Anne Hospital LLC in or about January 2017 to discuss a potential cardiovascular call coverage arrangement. By way of further answer, Defendants admit that Dr. Holland entered into a cardiovascular call coverage agreement with MHSVMC and Mercy Health – St. Anne Hospital LLC effective May 10, 2017. Defendants deny that Mercy had any involvement in this matter or is a proper named party here.

90.     Defendants deny the allegations in paragraph 90 of Plaintiff's complaint, but admit that a call coverage arrangement or requirement can be important for many reasons depending upon the circumstances.

91.     Defendants deny the allegations in paragraph 91 of Plaintiff's complaint.

92.     Defendants deny the allegations in paragraph 92 of Plaintiff's complaint.

93.     Defendants deny the allegations in paragraph 93 of Plaintiff's complaint as vague and incomplete and no responsive answer can be formulated. Adding further, a response to this

allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH, and all regulations promulgated under these Acts.

94.     Defendants deny the allegations in paragraph 94 of Plaintiff's complaint.

95.     Defendants deny the allegations in paragraph 95 of Plaintiff's complaint. Adding further, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH, and all regulations promulgated under these Acts.

96.     Defendants deny the allegations in paragraph 96 of Plaintiff's complaint.

97.     Defendants deny the allegations in paragraph 97 of Plaintiff's complaint, but admit Dr. Holland filed an EEOC charge against Mercy and MHSVMC on or about February 23, 2017. Answering further, the EEOC issued a Dismissal and Notice of Rights finding that it was unable to conclude that the information Plaintiff submitted established a violation of the discrimination statutes.

98.     Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of Plaintiff's complaint, but admit that Bradley Bertke, President and Chief Operating Officer of Mercy Health-St. Anne's Hospital, LLC, signed a cardiovascular call coverage agreement in February 2017 that had been previously signed by Plaintiff.

99.     Defendants incorporate their answer to paragraph 98 of Plaintiff's complaint as their answer to this paragraph. Answering further, paragraph 99 is a conclusion of law that requires no additional response. Defendants deny any inferences of liability. Defendants deny Mercy was involved in this transaction and restate that it is not a proper party here.

100.     Defendants deny the allegations in paragraph 100 of Plaintiff's complaint, but admit Dr. Holland's counsel wrote a letter to Dr. Andrabi dated February 28, 2017 that speaks for itself. Defendants deny any inferences of liability alleged in the letter.

101.     Paragraph 101 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

102.     Defendants deny the allegations in paragraph 102 of Plaintiff's complaint, but admit Dr. Holland's counsel sent Dr. Andrabi a letter dated February 28, 2017 that speaks for itself. Defendants deny any inferences of liability alleged in the letter.

103.     Defendants deny the allegations in paragraph 103 of Plaintiff's complaint.

104.     Defendants deny the allegations in paragraph 104 of Plaintiff's complaint.

105.     Defendants deny the allegations in paragraph 105 of Plaintiff's complaint.

106.     Defendants deny the allegations in paragraph 106 of Plaintiff's complaint.

107.     Defendants deny the allegations in paragraph 107 of Plaintiff's complaint.

108.     Defendants deny the allegations in paragraph 108 of Plaintiff's complaint. In addition, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH, and all regulations promulgated under these Acts. Defendants deny any inferences of liability.

109.     Defendants deny the allegations in paragraph 109 of Plaintiff's complaint, but admit that on or about March 17, 2017, Plaintiff met with Bertke, during which time they discussed the cardiovascular call coverage agreement, which became effective on May 10, 2017.

110.     Defendants deny the allegations in paragraph 110 of Plaintiff's complaint.

111.     Defendants deny the allegations in paragraph 111 of Plaintiff's complaint.

112.     Defendants deny the allegations in paragraph 112 of Plaintiff's complaint.

113.    Defendants deny the allegations in paragraph 113 of Plaintiff's complaint.

114.    Defendants deny the allegations in paragraph 114 of Plaintiff's complaint, but admit Plaintiff's counsel sent Dr. Andrabi a letter dated March 31, 2017 that speaks for itself. Defendants deny any inferences of liability alleged in the letter.

115.    Defendants deny the allegations in paragraph 115 of Plaintiff's complaint, but admit Plaintiff's counsel sent Dr. Andrabi a letter dated March 31, 2017 that speaks for itself. Defendants deny any inferences of liability alleged in the letter.

116.    Defendants deny the allegations in paragraph 116 of Plaintiff's complaint.

117.    Defendants deny the allegations in paragraph 117 of Plaintiff's complaint. In addition, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH, and all regulations promulgated under these Acts.

118.    Defendants deny the allegations in paragraph 118 of Plaintiff's complaint. In addition, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH, and all regulations promulgated under these Acts.

119.    Defendants deny for lack of knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of Plaintiff's complaint.

120.    Defendants deny the allegations in paragraph 120 of Plaintiff's complaint.

121.    Defendants deny the allegations in paragraph 121 of Plaintiff's complaint.

122.    Defendants deny the allegations in paragraph 122 of Plaintiff's complaint.

123.    Defendants deny the allegations in paragraph 123 of Plaintiff's complaint.

124.    Defendants deny the allegations in paragraph 124 of Plaintiff's complaint.

125.     Defendants deny the allegations in paragraph 125 of Plaintiff's complaint, but admit Plaintiff's counsel sent Jeffrey Dempsey, the President of MHSVMC, a letter dated July 11, 2017 that speaks for itself. Defendants deny any inferences of liability alleged in the letter.

126.     Defendants deny the allegations in paragraph 126 of Plaintiff's complaint.

127.     Defendants deny the allegations in paragraph 127 of Plaintiff's complaint, but admit Thomas J. Wiencek ("Wiencek") is Mercy's in-house litigator who becomes involved in lawsuits and threatened lawsuits.

128.     Defendants deny the allegations in paragraph 128 of Plaintiff's complaint.

129.     Defendants deny the allegations in paragraph 129 of Plaintiff's complaint.

130.     Defendants deny the allegations in paragraph 130 of Plaintiff's complaint.

131.     Defendants deny the allegations in paragraph 131 of Plaintiff's complaint.

132.     Defendants deny the allegations in paragraph 132 of Plaintiff's complaint.

133.     Defendants deny the allegations in paragraph 133 of Plaintiff's complaint.

134.     Defendants deny the allegations in paragraph 134 of Plaintiff's complaint.

135.     Defendants deny the allegations in paragraph 135 of Plaintiff's complaint based on the incomplete context in which the facts and figures are averred.

136.     Defendants deny the allegations in paragraph 136 of Plaintiff's complaint as so vague and incomplete that no responsive answer can be formulated. In addition, a response to this allegation would be improper because it implicates potential illegal disclosure of protected health information under HIPAA, HITECH, and all regulations promulgated under these Acts.

137.     Defendants deny the allegations in paragraph 137 of Plaintiff's complaint.

138.     Defendants deny the allegations in paragraph 138 of Plaintiff's complaint.

139.     Defendants deny the allegations in paragraph 139 of Plaintiff's complaint.

140.     Defendants deny that Plaintiff was a Mercy employee or that he resigned from Mercy.

## COUNT I –
## VIOLATION OF TITLE VII

141.     Defendants incorporate their answers in paragraphs 1-140 above.

142.     Defendants deny the allegations in paragraph 142 of Plaintiff's complaint.

143.     Defendants deny the allegations in paragraph 143 of Plaintiff's complaint.

144.     Defendants deny the allegations in paragraph 144 of Plaintiff's complaint.

145.     Defendants deny the allegations in paragraph 145 of Plaintiff's complaint.

146.     Defendants deny the allegations in paragraph 146 of Plaintiff's complaint.

147.     Defendants deny the allegations in paragraph 147 of Plaintiff's complaint.

148.     Defendants deny the allegations in paragraph 148 of Plaintiff's complaint.

149.     Defendants deny the allegations in paragraph 149 of Plaintiff's complaint.

## COUNT II –
## RETALIATION

150.     Defendants incorporate their answers in paragraphs 1-149 above.

151.     Defendants deny the allegations in paragraph 151 of Plaintiff's complaint.

152.     Defendants deny the allegations in paragraph 152 of Plaintiff's complaint.

153.     Defendants deny the allegations in paragraph 153 of Plaintiff's complaint.

154.     Defendants deny the allegations in paragraph 154 of Plaintiff's complaint.

155.     Defendants deny the allegations in paragraph 155 of Plaintiff's complaint.

156.     Defendants deny the allegations in paragraph 156 of Plaintiff's complaint.

157.     Defendants deny the allegations in paragraph 157 of Plaintiff's complaint.

158.     Defendants deny the allegations in paragraph 158 of Plaintiff's complaint.

<u>**COUNT III –**</u>
<u>**VIOLATION OF 42 U.S.C. §1981**</u>

159.     Defendants incorporate their answers in paragraphs 1-158 above.

160.     Paragraph 160 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

161.     Paragraph 161 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

162.     Defendants deny the allegations in paragraph 162 of Plaintiff's complaint.

163.     Defendants deny the allegations in paragraph 163 of Plaintiff's complaint.

164.     Defendants deny the allegations in paragraph 164 of Plaintiff's complaint.

165.     Defendants deny the allegations in paragraph 165 of Plaintiff's complaint.

166.     Defendants deny the allegations in paragraph 166 of Plaintiff's complaint.

167.     Defendants deny the allegations in paragraph 167 of Plaintiff's complaint.

<u>**COUNT IV –**</u>
<u>**TORTIOUS INTERFERENCE WITH CONTRACT**</u>

168.     Defendants incorporate their answers in paragraphs 1-167 above.

169.     Defendants deny the allegations in paragraph 169 of Plaintiff's complaint.

170.     Defendants deny the allegations in paragraph 170 of Plaintiff's complaint, but admit Dr. Holland had a physician employment agreement with the Clinic.

171.     Defendants admit the allegations in paragraph 171 of Plaintiff's complaint.

172.     Defendants deny the allegations in paragraph 172 of Plaintiff's complaint.

173.     Defendants deny the allegations in paragraph 173 of Plaintiff's complaint.

174.     Defendants deny the allegations in paragraph 174 of Plaintiff's complaint.

175.     Defendants deny the allegations in paragraph 175 of Plaintiff's complaint.

176.     Defendants deny the allegations in paragraph 176 of Plaintiff's complaint.

<u>**COUNT V –**</u>
<u>**INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**</u>

177.     Defendants incorporate their answers in paragraphs 1-176 above.

178.     Defendants deny the allegations in paragraph 178 of Plaintiff's complaint.

179.     Paragraph 179 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

180.     Defendants admit Plaintiff had a physician employment agreement with the Clinic.

181.     Defendants deny the allegations in paragraph 181 of Plaintiff's complaint.

182.     Defendants deny the allegations in paragraph 182 of Plaintiff's complaint.

183.     Defendants deny the allegations in paragraph 183 of Plaintiff's complaint.

184.     Defendants deny the allegations in paragraph 184 of Plaintiff's complaint.

185.     Defendants deny the allegations in paragraph 185 of Plaintiff's complaint.

<u>**COUNT VI –**</u>
<u>**VIOLATION OF OHIO REVISED CODE 4112, ET. SEQ.**</u>

186.     Defendants incorporate their answers in paragraphs 1-185 above.

187.     Paragraph 187 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

188.     Paragraph 188 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

189.     Paragraph 189 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

190.     Defendants deny the allegations in paragraph 190 of Plaintiff's complaint.

191.     Defendants deny the allegations in paragraph 191 of Plaintiff's complaint.

192.     Defendants deny the allegations in paragraph 192 of Plaintiff's complaint.

193.     Defendants deny the allegations in paragraph 193 of Plaintiff's complaint.

**COUNT VII –**<br>**VIOLATION OF OHIO WHISTLEBLOWER LAW, O.R.C. 4113.52 ET. SEQ.**

194.     Defendants incorporate their answers in paragraphs 1-193 above.

195.     Defendants deny the allegations in paragraph 195 of Plaintiff's complaint.

196.     Paragraph 196 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

197.     Paragraph 197 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

198.     Defendants deny the allegations in paragraph 198 of Plaintiff's complaint.

199.     Defendants deny the allegations in paragraph 199 of Plaintiff's complaint.

200.     Defendants deny the allegations in paragraph 200 of Plaintiff's complaint.

201.     Defendants deny the allegations in paragraph 201 of Plaintiff's complaint.

202.     Paragraph 202 of Plaintiff's complaint is a conclusion of law that requires no response. Defendants deny any inferences of liability.

203.     Defendants deny the allegations in paragraph 203 of Plaintiff's complaint.

204.     Defendants deny the allegations in paragraph 204 of Plaintiff's complaint.

205.     Defendants deny the allegations in paragraph 205 of Plaintiff's complaint.

206.     Defendants deny the allegations in paragraph 206 of Plaintiff's complaint.

207.     Defendants deny the allegations in paragraph 207 of Plaintiff's complaint.

208.     Defendants deny the allegations in paragraph 208 of Plaintiff's complaint.

209.     Defendants deny the allegations in paragraph 209 of Plaintiff's complaint.

**COUNT VIII –**<br>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

210.     Defendants incorporate their answers in paragraphs 1-209 above.

211.    Defendants deny the allegations in paragraph 211 of Plaintiff's complaint.

212.    Defendants deny the allegations in paragraph 212 of Plaintiff's complaint.

213.    Defendants deny the allegations in paragraph 213 of Plaintiff's complaint.

214.    Defendants deny the allegations in paragraph 214 of Plaintiff's complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the damages or equitable relief demanded in each count of his complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief may be granted.

2.      To the extent Plaintiff is asserting a harassment claim based on an allegedly hostile work environment, premised on Title VII of the Civil Rights Act, his claim is barred on account of his failure to exhaust his administrative remedies.

3.      To the extent Plaintiff is asserting a retaliation claim based on allegedly reporting discrimination to Defendants, premised on Title VII of the Civil Rights Act, his claim is barred on account of his failure to exhaust his administrative remedies.

4.      Plaintiff's Title VII claims asserted against Defendants Drs. Andrabi and Hashmi are barred by his failure to exhaust his administrative remedies against them by not identifying and including them as respondents to his EEOC charges.

5.      Plaintiff's claims under Title VII of the Civil Rights Act that are based on events, acts or omissions occurring before April 29, 2016 are barred by Plaintiff's failure to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission within the applicable statute of limitations.

6. Plaintiff has failed to join one or more necessary and/or indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

7. None of the Defendants was ever Plaintiff's employers, and thus they all should be dismissed as parties' defendant to Plaintiff's claims attempting to hold them liable as his purported employers.

8. Plaintiff's claim premised on O.R.C. §4113.52 is barred by the applicable statute of limitations.

9. Plaintiff did not comply with the applicable statutory conditions precedent to bringing suit under O.R.C. §4113.52.

10. Plaintiff's claims and requests for relief are barred or limited by his failure to mitigate his alleged damages.

11. Defendants deny all liability to Plaintiff and deny he is entitled to any damages, but in the alternative, any damages recovered by him must be offset by any compensation or remuneration that he received or could have received with reasonable diligence during the period for which he is seeking damages.

12. All actions taken (or not taken) by Defendants in relation to Plaintiff were undertaken (or not undertaken) for legitimate, nondiscriminatory and nonretaliatory reasons.

13. Defendants deny Plaintiff was subjected to any discriminatory or retaliatory employment practice, but if such practice is found, the same decisions regarding him would have been made in the absence of any discriminatory or retaliatory motive.

14. Plaintiff's harassment claim is barred because Defendants exercised reasonable care to prevent and promptly correct harassing conduct, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities.

15.     Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to exhaust statutory, administrative and/or contractual remedies.

16.     The trial of this action should be bifurcated in accordance with O.R.C. §2315.21(B).

17.     Plaintiff's claims for alleged non-economic damages, premised on Plaintiff's tort claims based on O.R.C. Ch. 4112 and the common law, are limited under O.R.C.§2315.18(B).

18.     An award of punitive damages, premised on Plaintiff's tort claims based on O.R.C. Ch. 4112 and the common law, is precluded by O.R.C. §2315.21(C).

19.     Plaintiff's claims for alleged punitive damages, premised on Plaintiff's tort claims based on O.R.C. Ch. 4112 and the common law, are limited by the provisions of O.R.C. §2315.21(D).

20.     Plaintiff's claims for alleged punitive damages are barred or limited by Defendants' good faith efforts to comply with applicable state and federal employment laws and regulations.

21.     Plaintiff's claims for alleged compensatory damages, premised on Title VII of the Civil Rights Act, are limited under 42 U.S.C. §1981a(b)(3).

22.     An award of punitive damages, premised on Title VII of the Civil Rights Act, is precluded by 42 U.S.C. §1981a(b)(1).

23.     Plaintiff's claims for alleged punitive damages, premised on Title VII of the Civil Rights Act, are limited under 42 U.S.C. §1981a(b)(3).

24.     Plaintiff has no right to recover attorney's fees for his claims premised on O.R.C. Ch. 4112 and the common law; therefore, his request for attorney's fees incurred in pursuing these claims should be stricken.

25.     Pursuant to 42 U.S.C. §1981a(a)(1), because Plaintiff is asserting the right to recover under 42 U.S.C. §1981, he is barred from recovering compensatory and punitive damages under Title VII of the Civil Rights Act.

26.     Plaintiff's claims and requests for relief may be barred or limited by the after-acquired evidence doctrine. For example, some of the facts relied on by Dr. Holland implicate potential illegal disclosure of protected health information under HIPAA and HITECH and all regulations promulgated under these Acts.

27.     The alleged conduct of which Plaintiff complains and that is attributed to Defendants was a just and proper exercise of management discretion on their part, undertaken for fair and honest reasons and regulated by good faith under the circumstances then existing.

28.     Defendants denies any alleged violation of the Title VII of the Civil Rights Act; but in the alternative, any act or omission of Defendants that is found to have been a violation of the Act was in good faith, and Defendants had reasonable grounds for believing that the act(s) or omission(s) was or were not a violation of the Act.

29.     Plaintiff's claims and requests for relief may be barred or limited by the doctrine of unclean hands.

30.     Plaintiff's claims and requests for relief may be barred or limited by the doctrine of equitable estoppel.

31.     Plaintiff's claims and requests for relief may be barred or limited by the doctrine of waiver.

32.     Plaintiff's claims and requests for relief may be barred or limited by the doctrine of laches.

33.     Plaintiff's claims and requests for relief premised on an alleged breach of a contract may be barred because there is a lack, want, and/or failure of consideration in relation to that contract by reason of Plaintiff's breach of his obligations under it.

34.     Plaintiff's claims and requests for relief premised on an alleged breach of contract may be barred by his failure to fulfill his contractual obligations under the contract he alleges was breached.

35.     Plaintiffs' tort claims and requests for relief may be barred or limited by the doctrine of *in pari delicto*.

36.     Plaintiff's injuries, if any, were brought about solely and proximately because of the acts and/or omissions of others over whom Defendants had no control.

37.     Plaintiff's injuries, if any, were the direct result of intervening and/or superseding causes that were not the responsibility of Defendants.

38.     Plaintiff did not make a reasonable and good faith effort to determine the accuracy of the information he allegedly reported that forms the basis of his claim premised on O.R.C. §4113.52.

39.     Plaintiff is not entitled to a jury trial on his claim premised on O.R.C. §4113.52; therefore, his request for a jury trial on this claim should be stricken.

40.     Pursuant to 42 U.S.C. §1988, Defendants are entitled to recover from Plaintiff their attorney's fees incurred in defending his claim premised on 42 U.S.C. §1981.

41.     Pursuant to 42 U.S.C. §2000e-5(k), Defendants are entitled to recover from Plaintiff their attorney's fees incurred in defending his claim premised on Title VII of the Civil Rights Act.

42.     Plaintiff's claims are frivolous and without foundation and his Complaint has been filed in bad faith and for improper purposes (specifically, to harass Defendants and needlessly increase the cost of litigation), has no evidentiary support, is unwarranted under existing law, and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, and Defendants are therefore entitled to an award of reasonable attorney's fees, costs and expenses incurred in defending this action, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927.

43.     Defendants reserve the right to assert additional affirmative defenses identified during the course of discovery.

Respectfully submitted,

/s/ Thomas J. Wiencek
Thomas J. Wiencek (0031465)
MERCY HEALTH
388 South Main Street
Suite 500
Akron, Ohio 44311-4407
Phone: (513) 639-0196
Fax: (330) 253-8601
tjwiencek@mercy.com

R. Scot Harvey (0046910)
BROUSE MCDOWELL, LPA
388 South Main Street
Suite 500
Akron, Ohio 44311
Phone: (330) 535-5711
Fax: (330) 253-8601
sharvey@brouse.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of May 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Thomas J. Wiencek*
Thomas J. Wiencek (#0031465)

1010249.4